UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REGINA M. THORNTON,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>IPSEN BIOPHARMACEUTICALS, INC.,<br><br>　　　　　　　　　　Defendant. | Civil Action No. 1:23-cv-11171 |

**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Ipsen Biopharmaceuticals, Inc. ("Ipsen") submits this Notice of Removal of the above-captioned action to the United States District Court for the District of Massachusetts from the Superior Court of Massachusetts, County of Middlesex, where the action is now pending.

**I.      TIMELINESS OF REMOVAL**

1.      On or around March 2, 2023, Plaintiff Regina M. Thornton ("Plaintiff" or "Thornton") filed a civil action complaint ("Original Complaint") in the Superior Court of Massachusetts, County of Middlesex, captioned *Regina M. Thornton v. Ipsen Biopharmaceuticals, Inc.*, Civil Action No. 2281-cv-04007.  A copy of the Original Complaint is attached as Exhibit A.  In the Original Complaint, Thornton alleged seven causes of action, all under Massachusetts common law: (i) detrimental reliance / promissory estoppel; (ii) intentional misrepresentation / deceit; (iii) negligence; (iv) tortious interference with business relationship; (v) intentional infliction of emotional distress; (vi) implied covenant of good faith and fair dealing; and (vii) assault.

2.     On March 22, 2023, Ipsen served Thornton with a motion to dismiss the Original Complaint in its entirety. A true and accurate copy of Defendant's Motion to Dismiss the Complaint is attached as Exhibit B.

3.     On April 26, 2023, Ipsen received from Thornton service for the Unopposed Motion to Amend Complaint (attached as Exhibit C) and the Second Amended Complaint (attached as Exhibit D).[1] In the Second Amended Complaint, Thornton alleges causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), the Equal Protection Clause in the Fourteenth Amendment to the United States Constitution, and the Due Process protections embedded in the First, Fourth and Fourteenth Amendments to the United States Constitution. Thornton also alleges causes of action under Massachusetts General Law Chapter 151 and the Massachusetts Declaration of Rights. The Second Amended Complaint does not contain any of the Massachusetts common law claims alleged in the Original Complaint.

4.     The documents referred to in Paragraphs 1, 2 and 3, along with the Endorsement Order Granting Motion to Appoint Special Process Servers (attached as Exhibit E), the Endorsement Order Granting Motion to Extend Time to Serve Complaint (attached as Exhibit F), and the Endorsement Order Granting Unopposed Motion to Amend Complaint (attached as Exhibit G), are the only process, pleadings, or orders served on Ipsen, or known by Ipsen to have been filed or issued, in the state-court action. *See* 28 U.S.C. § 1446(a).

5.     Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely filed within

---

[1] The Original Complaint was initially amended prior to service upon Ipsen due to a purported issue with the process server.

2

thirty (30) days after Ipsen received process of an amended pleading from which it first ascertained that the case has become removable.

## II. VENUE

6. The Superior Court of Massachusetts, County of Middlesex, is located within the District of Massachusetts. *See* 28 U.S.C. § 101. Therefore, venue is proper in this Court because it is the district "embracing the place where such action is pending." *See id*. § 1441(a).

## III. BASIS FOR REMOVAL: FEDERAL-QUESTION JURISDICTION

7. In the Second Amended Compliant, Thornton asserts that Ipsen discriminated against her based on her religion in violation of Title VII, retaliated against her in violation of Title VII, denied her rights to Equal Protection as guaranteed to her by the United States Constitution, and denied her Due Process of Law as guaranteed to her by the United States Constitution. *See* Second Amended Complaint ¶¶ 22-39.

8. By asserting claims under federal law, namely, Title VII and the United States Constitution, Thornton's Second Amended Complaint contains a federal question over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. The action is therefore removable because "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]" *See* 28 U.S.C. § 1441(a).

9. This Court, accordingly, has jurisdiction over the subject matter of this action regardless of the amount in controversy or the citizenship of the parties.

## IV. SUPPLEMENTAL JURISDICTION

10. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over state law claims that are part of the same case or controversy as removable federal claims. State and

federal claims are part of the same case or controversy where they arise out of a common nucleus of operative facts or would ordinarily be expected to be tried together in one judicial proceeding. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

11. The state-law claims alleged in the Second Amended Complaint are part of the same case or controversy as Thornton's Title VII and U.S. Constitution claims. Notably, all of Thornton's claims arise out of her admitted refusal to comply with Ipsen's COVID-19 vaccination requirement and the termination of her at-will employment as a result. *See* Second Amended Complaint ¶¶ 22–39.

12. Indeed, Thornton includes her state-law claims and federal claims under the same sub-headings: Count I contains claims under M.G.L. Chapter 151 and Title VII, and Count III contains Substantive and Procedural Due Process claims under both the U.S. Constitution and the Massachusetts Declaration of Rights. *See id.* ¶¶ 22-26; 33-39.

13. Furthermore, Thornton seeks to recover the same damages on her state and federal claims.

14. Because the federal claims asserted in the Second Amended Complaint are removable, this Court has jurisdiction over Thornton's state-law claims pursuant to 28 U.S.C. § 1367.

## V. **CONCLUSION**

15. Pursuant to 28 U.S.C. § 1446(d), Ipsen will promptly file a notice to the state court of its removal of this action to federal court, along with a copy of this Notice, in the Superior Court of Massachusetts, County of Middlesex. Additionally, Ipsen will serve a copy of the notice to the state court and a copy of this Notice on Thornton's counsel of record.

16. In accordance with Local Rule 81.1, Ipsen will file with this Court attested

copies of all records, proceedings, and docket entries in the state court within twenty-eight (28) days of the date of this Notice.

17.     By removing this matter, Ipsen does not waive, or intend to waive, any defense, including, but not limited to, insufficiency of process and insufficiency of service of process.

**WHEREFORE**, Ipsen respectfully requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of Massachusetts, County of Middlesex, to the United States District Court for the District of Massachusetts.

DATED: May 25, 2023                                 Respectfully Submitted,

  */s/ Jonathan Rosenfeld*
Jonathan Rosenfeld (BBO 556172)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6941
jonathan.rosenfeld@wilmerhale.com

*Attorney for Ipsen Biopharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

      I, Jonathan Rosenfeld, hereby certify that on this 25th day of May 2023, I caused a copy of the foregoing document to be served on Plaintiff's counsel of record by email and First Class Mail as follows:

Richard C. Chambers
Joseph Spinale
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
richard@chamberslawoffice.com
spinalelaw@gmail.com