# EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 26480653**
**Date Processed: 03/02/2023**

| | |
|---|---|
| **Primary Contact:** | William J Thomas<br>Ipsen Biopharmaceuticals, Inc.<br>1 Main St<br>Ste 7<br>Cambridge, MA 02142-1599 |
| **Electronic copy provided to:** | Emery Popoloski |
| **Entity:** | Ipsen Biopharmaceuticals, Inc.<br>Entity ID Number 2760571 |
| **Entity Served:** | Ipsen Biopharmaceuticals, Inc. |
| **Title of Action:** | Regina M. Thornton vs. Ipsen Biopharmaceuticals, Inc. |
| **Matter Name/ID:** | Regina M. Thornton vs. Ipsen Biopharmaceuticals, Inc. (13718981) |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Middlesex County Superior Court, MA |
| **Case/Reference No:** | 2281CV04007 |
| **Jurisdiction Served:** | Massachusetts |
| **Date Served on CSC:** | 03/02/2023 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Chambers Law Office<br>781-581-2031 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi Brieger, Chief Justice on _____, 20 ___.

_(signature)_
Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _March 2-1_, 20_23_, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_In hand to Reg agent_

Dated: _March 2nd_, 20_23_   Signature: _(signature)_

**CONSTABLE**

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

_March 2nd_, 20_23_

# Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2281CV04007

Regina M. Thornton, PLAINTIFF(S),

v.

Ipsen Biopharmaceuticals Inc, DEFENDANT(S)



## SUMMONS

THIS SUMMONS IS DIRECTED TO Ipsen Biopharmaceuticals, Inc. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Middlesex Superior Court, 200 Tradecenter, Woburn, MA 01801 (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: 220 Broadway Ste. 404 Lynnfield MA 01940

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2281CV04007 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Regina M Thornton vs. Ispen Biopharmaceuticals, Inc. | | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| TO: File Copy<br>, | | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/21/2023 | |
| Response to the complaint filed (also see MRCP 12) | | 03/22/2023 | |
| All motions under MRCP 12, 19, and 20 | 03/22/2023 | 04/21/2023 | 05/22/2023 |
| All motions under MRCP 15 | 03/22/2023 | 04/21/2023 | 05/22/2023 |
| All discovery requests and depositions served and non-expert depositions completed | 09/18/2023 | | |
| All motions under MRCP 56 | 10/18/2023 | 11/17/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/18/2024 |
| Case shall be resolved and judgment shall issue by | | | 11/21/2024 |

The final pre-trial deadline is not the scheduled date of the conference. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.
This case is assigned to

| DATE ISSUED<br>11/22/2022 | ASSISTANT CLERK<br>Maria Pantos | PHONE |
|---|---|---|

Date/Time Printed: 11-22-2022 08:55:39                                                                SCV026\ 08/2018

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 22-4067 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Middlesex Superior Court (Woburn) |
| Plaintiff: Regina Thornton | | Defendant: Ipsen Biopharmaceuticals, Inc. |
| ADDRESS: 386 Plain Street, Bridgewater, MA 02324 | | ADDRESS: 1 Main Street, Cambridge, MA 02142 |
| Plaintiff Attorney: Richard C. Chambers, Jr., Esq. | | Defendant Attorney: |
| ADDRESS: 220 Broadway, Suite 404, Lynnfield, MA 01940 | | ADDRESS: |
| BBO: 651251 | | BBO: |
| Plaintiff Attorney: Joseph Spinale, Esq. | | Defendant Attorney: |
| ADDRESS: 220 Broadway, Suite 404, Lynnfield, MA 01940 | | ADDRESS: |
| BBO: 548547 | | BBO: |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| D09 | | F | ☒ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO

Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX
NOV 22 2022
CLERK

A. Documented medical expenses to date
1. Total hospital expenses ............................................. $0.00
2. Total doctor expenses ............................................... $0.00
3. Total chiropractic expenses ........................................ $0.00
4. Total physical therapy expenses .................................... $0.00
5. Total other expenses (describe below) .............................. $0.00

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date ..................... $0.00
C. Documented property damages to date ................................ $0.00
D. Reasonably anticipated future medical and hospital expenses ........ $0.00
E. Reasonably anticipated lost wages ................................... $0.00
F. Other documented items of damages (describe below) .................. $2,000,000.00

TOTAL (A-F): $2,000,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

SC0001: 1/22/2021   www.mass.gov/courts   Date/Time Printed:11-21-2022 16:10:27

| Signature of Attorney/Unrepresented Plaintiff: X /s/ Richard C. Chambers, Jr., Esq. | Date: November 21, 2022 |
|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X /s/ Richard C. Chambers, Jr., Esq. | Date: November 21, 2022 |
|---|---|

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 2281CV04007

REGINA M. THORNTON,

    Plaintiff,

v.

IPSEN BIOPHARMACEUTICALS, INC.,

    Defendant.

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### THE PARTIES

1. At all times hereinafter mentioned, the Plaintiff, REGINA M. THORNTON, (hereinafter, the "Plaintiff"), is an individual residing in Bridgewater, Massachusetts.

2. The Defendant, IPSEN BIOPHARMACEUTICALS, INC., (hereinafter, "Ipsen" or "Defendant") is a Delaware corporation having offices at One Main Street, Cambridge, Massachusetts 02142. Defendants registered agent in the Commonwealth is Corporation Service Company with its offices at 84 State Street, Boston, Suffolk County, Massachusetts.

### THE FACTS

3. The Plaintiff has been employed as an Associate Director – Patient Safety, for Defendant since April 29, 2019.

4. On September 7, 2021, Defendant announced that they would be implementing a COVID-19 Vaccination Policy (hereinafter, the "Vaccine Policy") requiring all employees be tested for the COVID-19 virus as a condition of their employment.

5. The Vaccination Policy included a process for requests for religious and medical exemptions.

6. On October 26, 2021, Plaintiff submitted a request for Religious Exemption, to be exempt from the COVID-19 vaccine and testing due to her sincerely held religious beliefs.

7. In such request, Plaintiff requested that she continue to work remotely as the Defendant had required since March of 2020, under which Plaintiff exceled and while her responsibilities essentially compelled her to interact with persons outside the United States and not in the corporate office..

8. On November 2, 2021, Defendant denied Plaintiff's request for religious exemption and advised Plaintiff, upon which Plaintiff attempted to appeal with Defendant by written letter, even though Defendant's policy failed to provide an appeal process.

9. On November 10, 2021, Plaintiff's employment with Defendant was terminated prior to a decision regarding her "appeal" for adhering to her sincerely held religious belief and not taking the COVID-19 vaccine.

10. Plaintiff's termination was a direct result of Defendant's wrongful and prejudicial denial of her request for religious exemption as provided for in Defendant's Vaccine Policy.

11. Plaintiff filed for unemployment on November 15, 2021, with the Massachusetts Division of Unemployment Assistance (hereinafter, "DUA"), and she was denied.

12. Plaintiff appealed on January 22, 2022, and at the May 6, 2022 hearing the decision was overturned. Plaintiff received benefits for twenty (20) weeks.

13. Plaintiff began communicating with the EEOC and filed a claim on November 16, 2021. Plaintiff never had a hearing with the EEOC and on August 30, 2022, she received the Right to Sue Letter. EEOC states that it will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. EEOC also stated that it does not certify

that the Employer is in compliance with the statutes. Such letter is attached hereto as "Exhibit A".

14. As a result of Defendant's actions, Plaintiff has suffered tremendous anxiety, stress, fear, and embarrassment. Plaintiff was fearful that she would not find employment, that she would not have health insurance and she would lose everything she had worked for. She also suffered financial loss and physical and emotional distress.

15. She has suffered personal hardship and stress on her family and her marriage due to the Defendant's discriminatory practices.

16. Her wrongful termination has caused her to lose retirement benefits because Ipsen was no longer making matching retirement contributions and she lost her life insurance coverage and bonuses when she was terminated.

17. Plaintiff was able to mitigate some of her damages and obtained new employment in her field, but was forced to take a reduction in pay.

## COUNT I
## DETRIMENTAL RELIANCE / PROMISSORY ESTOPPEL

18. The Plaintiff re-alleges the foregoing Paragraphs 1-17 as if set forth again here.

19. The Plaintiff relied on the promises of the Defendant, all to her great detriment.

## COUNT II
## INTENTIONAL MISREPRESENTATION / DECEIT

20. The Plaintiff re-alleges the foregoing Paragraphs 1-19 as if set forth again here.

21. Defendant, through its agents intentionally and knowingly made false representations to the Plaintiff and Defendant misrepresented the meaning of certain documents, company conditions and ongoing company practices.

22. Plaintiff relied on Defendant's material misrepresentations to her detriment.

23. Plaintiff, by relying on Defendant's misrepresentations, lost her employment, and lost any income generated therefrom, as well as future earnings, retirement benefits and bonuses.

24. There was a process for filing an accommodation and Plaintiff's accommodation was wrongfully denied.

## COUNT III
## NEGLIGENCE

25. The Plaintiff re-alleges the foregoing Paragraphs 1-24 as if set forth again here.

26. Defendant through its agents negligently misrepresented to Plaintiff the Defendant's company conditions and company policies.

27. Plaintiff relied on said misrepresentations to her detriment.

28. As a result of said misrepresentations Plaintiff lost her established employment and the income generated therefrom, as well as future earnings, retirement benefits and bonuses.

## COUNT IV
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

29. The Plaintiff re-alleges the foregoing Paragraphs 1-28 as if set forth again here.

30. Defendant tortiously caused interference with Plaintiff's income and retirement benefits, by denying her religious exemption to not get the COVID-19 Vaccine, causing her to be terminated from her job.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. The Plaintiff re-alleges the foregoing Paragraphs 1-30 as if set forth again here.

32. The Defendant's intentional conduct of fraudulently inducing Plaintiff to rely on its misrepresentations to her detriment and by intentionally denying her religious exemption to not get the COVID-19 vaccine, was extreme and outrageous beyond all possible bounds of decency, and the type of conduct that is utterly intolerable.

33. The Defendant, with its retaliatory actions, intended to cause the Plaintiff to suffer emotional distress and/or knew or should have known, that severe emotional distress was likely to result based on its conduct.

34. The actions of the Defendant were of such an egregious nature that no reasonable person should anticipate or be required to endure.

35. Plaintiff relied on said misrepresentations to her detriment.

36. As a result of said misrepresentations Plaintiff has suffered tremendous anxiety, stress, fear, loss of trust in people, loss of trust in Ipsen as an employer, low confidence and has experienced extreme mental anguish.

## COUNT VI
## GOOD FAITH AND FAIR DEALING

37. The Plaintiff re-alleges the foregoing Paragraphs 1-36 as if set forth again here.

38. The Defendant wrongfully terminated Plaintiff's employment, caused her financial loss of income, retirement benefits, bonuses, and mental and physical distress because of her religious beliefs.

39. Said actions by Defendant were wrongful, intentional, and against public policy.

40. Defendant violated its duty of good faith and fair dealing.

## COUNT VII
## ASSAULT

41. The Plaintiff re-alleges the foregoing Paragraphs 1-40 as if set forth again here.

42. The actions of the Defendant placed the Plaintiff in fear and apprehension of imminent bodily harm.

## WHEREFORE, PLAINTIFF PRAYS THAT THIS HONORABLE COURT:

Enter Judgment against the Defendant, finding that the Defendant's conduct was knowingly and intentionally in bad faith, with knowledge or reason to know that their acts would cause substantial hardship to the Plaintiff, and against public policy and common law, for damages as follows:

1. For general damages and cost in an amount to be determined at the trial of this matter but in no event less than Two Million ($2,000,000.00) Dollars;.

2. For general damages in an amount to be determined for emotional distress, embarrassment, humiliation, anxiety, sleeplessness, and emotional trauma.

3. For all reasonable attorney's fees.

4. For all applicable interests and related costs.

5. For the costs of suit incurred herein, and.

6. For all other relief this Honorable Court deems meet, and just.

**The Plaintiff demands a trial by jury on all counts.**

Respectfully submitted,
The Plaintiff,
REGINA M. THORNTON
By her attorneys,

DATED: February 20, 2023

*/s/ Richard C. Chambers, Jr., Esq.*
Richard C. Chambers, Jr., Esq.
BBO#: 651251
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 363-1773
Fax: (781) 581-8449
richard@chamberslawoffice.com

DATED: February 20, 2023

*/s/ Joseph Spinale, Esq.*
Joseph Spinale, Esq.
BBO#: 548547
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 838-1411
Fax: (781) 581-8449
Joe@chamberslawoffice.com

# EXHIBIT A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Boston Area Office
15 New Dudbury St, Room 475
Boston, MA 02203
(617) 865-3670
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 08/30/2022

To: Regina M. Thornton
386 Plain Street
BRIDGEWATER, MA 02324
Charge No: 523-2022-00883

EEOC Representative and email:   Anthony Pino
Supervisor
Anthony.Pino@EEOC.GOV

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
08/30/2022
Timothy Riera
Acting District Director