# EXHIBIT D

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.  SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.:

REGINA M. THORNTON,

    Plaintiff,

v.

IPSEN BIOPHARMACEUTICALS, INC.,

    Defendant.

## SECOND AMENDED COMPLAINT

### THE PARTIES

1. At all times hereinafter mentioned, the Plaintiff, REGINA M. THORNTON, (hereinafter, the "Plaintiff"), is an individual residing in Bridgewater, Massachusetts.

2. The Defendant, IPSEN BIOPHARMACEUTICALS, INC., (hereinafter, "Ipsen" or "Defendant") is a Delaware corporation having offices at One Main Street, Cambridge, Massachusetts 02142. Defendants registered agent in the Commonwealth is Corporation Service Company with offices at 84 State Street, Boston, Suffolk County, Massachusetts.

### THE FACTS

3. The Plaintiff has been employed as an Associate Director – Patient Safety, for Defendant since April 29, 2019.

4. On September 7, 2021, Defendant announced that they would be implementing a COVID-19 Vaccination Policy (hereinafter, the "Vaccine Policy") requiring all employees be tested for the COVID-19 virus as a condition of their employment.

5. The Testing Policy included a process for requests for religious and medical exemptions.

6. On October 26, 2021, Plaintiff submitted a request for Religious Exemption, to be exempt from the COVID-19 vaccine and testing due to her sincerely held religious beliefs.

7. In such request, Plaintiff requested that she continue to work remotely as the Defendant had required since March of 2020, under which Plaintiff exceled and while her responsibilities essentially compelled her to interact with persons outside the United States and not in the corporate office.

8. On November 2, 2021, Defendant denied Plaintiff's request for religious exemption and advised Plaintiff, upon which Plaintiff attempted to appeal with Defendant by written letter, even though Defendant's policy failed to provide an appeal process.

9. On November 10, 2021, Plaintiff's employment with Defendant was terminated prior to a decision regarding her "appeal" for adhering to her sincerely held religious belief and not taking the COVID-19 vaccine.

10. Plaintiff's termination was a direct result of Defendant's wrongful and prejudicial denial of her request for religious exemption as provided for in Defendant's Vaccine Policy.

11. Plaintiff filed for unemployment on November 15, 2021, with the Massachusetts Division of Unemployment Assistance (hereinafter, "DUA"), and she was denied.

12. Plaintiff appealed on January 22, 2022, and at the May 6, 2022 hearing the decision was overturned. Plaintiff received benefits for twenty (20) weeks.

13. Plaintiff began communicating with the EEOC and filed a claim on November 16, 2021. Plaintiff never had a hearing with the EEOC and on August 30, 2022, she received the Right to Sue Letter. EEOC states that it will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. EEOC also stated that it does not certify

that the Employer is in compliance with the statutes. Such letter is attached hereto as "**Exhibit A**".

14. As a result of Defendant's actions, Plaintiff has suffered tremendous anxiety, stress, fear, and embarrassment. Plaintiff was fearful that she would not find employment, that she would not have health insurance and she would lose everything she had worked for. She also suffered financial loss and physical and emotional distress.

15. She has suffered personal hardship and stress on her family and her marriage due to the Defendant's discriminatory practices.

16. Her wrongful termination has caused her to lose retirement benefits because Ipsen was no longer making matching retirement contributions and she lost her life insurance coverage and bonuses when she was terminated.

17. Plaintiff was able to mitigate some of her damages and obtained new employment in her field, but was forced to take a reduction in pay.

18. The Defendant, with its retaliatory actions, intended to cause the Plaintiff to suffer emotional distress and/or knew or should have known, that severe emotional distress was likely to result based on its conduct.

19. The actions of the Defendant were of such an egregious nature that no reasonable person should anticipate or be required to endure.

20. Plaintiff relied on said misrepresentations to her detriment.

21. As a result of said misrepresentations Plaintiff has suffered tremendous anxiety, stress, fear, loss of trust in people, loss of trust in Ipsen as an employer, low confidence and has experienced extreme mental anguish.

## COUNT I

## VIOLATION OF M.G.L. CHAPTER 151 AND VIOLATION OF TITLE VII

22. The Plaintiff re-alleges the foregoing Paragraphs 1-21 as if set forth again here.

23. The Plaintiff at all relevant times was engaged in protected activity under MGL Chapter 151 and 42 USC § 2000e *et seq.*

24. The Defendant wrongly, arbitrarily and capriciously denied Plaintiff a religious exemption from having to inject herself with the COVID vaccine.

25. The Defendant retaliated against the Plaintiff because she refused to inject the COVID vaccine.

26. The Defendant at all times knew, or should have known, that the COVID vaccine did not prevent contracting nor spreading the disease.

## COUNT II
## VIOLATION OF PLAINTIFFS' EQUAL PROTECTION AND TREATMENT RIGHTS

27. The Plaintiff re-alleges the foregoing Paragraphs 1-26 as if set forth again here.

28. The actions of the Defendant denied the Plaintiff her rights to Equal Protection and equal treatment as guaranteed to her by the United States Constitution.

29. Pursuant to the Fourteenth Amendment to the United States Constitution, the Plaintiff had a right to the Equal Protection and Due Process of laws.

30. The Plaintiff had a right to be treated equally as their co-workers who elected to receive the COVID-19 vaccine.

31. The Plaintiff was treated differently than other employees who opted to receive the COVID-19 vaccine because of her sincerely held religious beliefs that were not accommodated, he was placed on an un-paid administrative leave, and he was ultimately let go from his employment.

32. The Defendant at all times knew, or should have known, that the COVID vaccine did not prevent contracting nor spreading the disease.

## COUNT III

## VIOLATION OF PLAINTIFFS' SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS

33. The Plaintiff re-alleges the foregoing Paragraphs 1-32as if set forth again here.

34. The actions of the Defendant denied the Plaintiff her rights to Due Process of Law as guaranteed to him by the United States Constitution.

35. Plaintiff has the right and protected interest under the First, Fourth and Fourteenth Amendment to the United States Constitution and Articles IV, X, XX, XXI, XXIX, and XXX of the Massachusetts Declaration of Rights to be from the invasion of bodily integrity and to be free from unwanted medical intervention.

36. Because of these rights enjoyed by the Plaintiff directly under both the United States Constitution and the Massachusetts Declaration of Rights as mentioned above, her substantive due process rights were denied when the Defendant mandated the COVID-19 vaccine upon the Plaintiff, refused to honor her sincerely held religious beliefs and grant his Religious Exemption from said vaccine and wrongfully terminating him from her employment in retaliation.

37. Because of the Defendant's action and inactions as aforementioned, the Plaintiff's procedural due process rights were denied and violated.

38. The Plaintiff had a procedural due process right to a fair process by the Defendant in considering Plaintiff's sincerely held religious belief and accommodating said belief; in this case, by mandating Plaintiff to continue working but wearing a mask during work and taking frequent COVID tests, which leading authorities said were effective measures in preventing the spread of the disease.

39. The Defendant at all times knew, or should have known, that the COVID vaccine did not prevent contracting nor spreading the disease.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS HONORABLE COURT:**

Enter Judgment against the Defendant, finding that the Defendant's conduct was knowingly and intentionally in bad faith, with knowledge or reason to know that their acts would cause substantial hardship to the Plaintiff, and against public policy and common law, for damages as follows:

1. Two Million Dollars ("$2,000,000.00") for general damages and costs.
2. For general damages in an amount to be determined for emotional distress, embarrassment, humiliation, anxiety, sleeplessness, and emotional trauma.
3. For all reasonable attorney's fees.
4. For all applicable interests and related costs.
5. For the costs of suit incurred herein, and.
6. For all other relief this Honorable Court deems meet, and just.

**<u>The Plaintiff demands a trial by jury on all counts.</u>**

|  |  |
|---|---|
|  | Respectfully submitted,<br>The Plaintiff,<br>REGINA M. THORNTON<br>By her attorneys, |
| DATED: April 24, 2023 | */s/ Richard C. Chambers, Jr., Esq.*<br>Richard C. Chambers, Jr., Esq.<br>BBO#: 651251<br>Chambers Law Office<br>220 Broadway, Suite 404<br>Lynnfield, MA 01940<br>Office: (781) 581-2031<br>Cell: (781) 363-1773<br>Fax: (781) 581-8449<br>richard@chamberslawoffice.com |
| DATED: April 24, 2023 | */s/ Joseph Spinale., Esq.*<br>Joseph Spinale, Esq.<br>BBO#: 548547<br>Chambers Law Office<br>220 Broadway, Suite 404<br>Lynnfield, MA 01940<br>Office: (781) 581-2031<br>Cell: (781) 838-1411<br>Fax: (781) 581-8449<br>Joe@chamberslawoffice.com |