**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| REGINA M. THORNTON,<br><br>                     Plaintiff,<br><br>vs.<br><br>IPSEN BIOPHARMACEUTICALS, INC.,<br><br>                     Defendant. | Civil Action No. 1:23-cv-11171 |

<u>**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION**</u>
<u>**TO DISMISS THE SECOND AMENDED COMPLAINT**</u>

**I.      INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Ipsen

Biopharmaceuticals, Inc. ("Ipsen" or "Company") submits this Memorandum in support of its

Motion to Dismiss the Second Amended Complaint (the "Complaint") of former employee

Regina M. Thornton ("Plaintiff" or "Thornton") in the above-captioned case with prejudice.  The

three counts included in Plaintiff's Complaint all arise from Plaintiff's admitted refusal to

comply with Ipsen's COVID-19 vaccination requirement as mandated in its COVID-19

Vaccination Policy and the termination of her at-will employment as a result.  This Court should

dismiss the Complaint in its entirety as a matter of law for several reasons.  First, Plaintiff cannot

maintain a claim against Ipsen for violations of the United States Constitution or the

Massachusetts Declaration of Rights as Ipsen is a private entity, not a state actor.  Second,

Plaintiff's Title VII discrimination claim is time barred because Thornton failed to file suit

within ninety days of receiving a Right to Sue Letter issued by the EEOC.  And, third, Plaintiff's

1

state law discrimination claim relies on conclusory allegations, lacking legally sufficient facts as required under the pleading standard mandated by the U.S. Supreme Court.

## II.     PROCEDURAL POSTURE

On or around March 2, 2023, Thornton filed a civil action complaint in the Superior Court of Massachusetts, County of Middlesex, captioned *Regina M. Thornton v. Ipsen Biopharmaceuticals, Inc.*, Civil Action No. 2281-cv-04007 (the "Original Complaint").  In the Original Complaint, Thornton alleged seven causes of action, all under Massachusetts common law: (i) detrimental reliance / promissory estoppel; (ii) intentional misrepresentation / deceit; (iii) negligence; (iv) tortious interference with business relationship; (v) intentional infliction of emotional distress; (vi) implied covenant of good faith and fair dealing; and (vii) assault.  Ipsen subsequently served Thornton with a motion to dismiss the Original Complaint.  After receiving the motion to dismiss all of her common law claims, Thornton abandoned each and every one of them.

On April 26, 2023, Ipsen received from Thornton service of the Second Amended Complaint (the "Complaint").[1]  In the Complaint, Thornton alleges causes of action for (1) religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII") and Massachusetts General Law Chapter 151, (2) violations of the Equal Protection Clause in the Fourteenth Amendment to the United States Constitution, and (3) violations of the Due Process protections embedded in the First, Fourth and Fourteenth Amendments to the United States Constitution and the Massachusetts Declaration of Rights.  The

---

[1]  The Original Complaint was initially amended prior to service upon Ipsen due to a purported issue with the process server.

2

Complaint does not contain any of the Massachusetts common law claims alleged in the Original Complaint.

On May 25, 2023, Ipsen submitted to this Court its Notice of Removal to remove the proceedings to federal court on the basis of federal question jurisdiction.

## III.    FACTUAL BACKGROUND

Ipsen is a biopharmaceutical company focused on transformative medicines in oncology, rare disease and neuroscience.  On September 7, 2021, Ipsen established a vaccination policy (the "Vaccination Policy") requiring its employees to be fully vaccinated against COVID-19. Compl. ¶ 4.  The Vaccination Policy is attached as Exhibit A.[2]  The Vaccination Policy was implemented to "protect the health and well-being of Ipsen's employees, their families, and the patients [the Company] serve[s].  Ex. A at (3)(B).  The Vaccination Policy applies to all U.S.-based employees, whether site-based, remote, or in the field.  Ex. A at (3)(B).  Pursuant to the Vaccination Policy, any employee who fails to provide timely proof of vaccination "will be subject to termination for Cause."  Ex. A at (5).  The Vaccination Policy provides a procedure for employees to request religious or medical exemptions to the vaccination requirement.  Compl. ¶ 5; Ex. A at (4)(C)(i).  Specifically, employees seeking to request an exemption from the vaccination requirement due to a sincerely held religious objection must complete and submit the applicable accommodation request form provided by the Company.  Ex. A at (4)(C)(i).  The Company reviews all religious exemption requests "on a case-by-case basis, with due care and consideration."  Ex. A - Appendix B - Form – Request for Religious Exemption.  However, the

---

[2] By referring to the Vaccination Policy, Plaintiff has incorporated it by reference. *See Sergentakis v. Channell*, 272 F. Supp. 3d 221, 224 (D. Mass. 2017) ("Materials attached to a complaint, or incorporated by reference, are a part of the pleading itself, and the Court may consider them on a motion to dismiss.") (citing *Trans–Spec Truck Serv. v. Caterpillar*, 524 F.3d 315, 321 (1st Cir. 2008)).

Company is not required to provide an accommodation or exemption from the vaccination requirement if an employee does not qualify or if providing such an accommodation would create an undue hardship for the Company.  Ex. At (4)(C)(i).  The Vaccination Policy does not include an internal appeal process, and all of the Company's determinations regarding accommodation requests are final.  Compl. ¶ 8; Ex. A.

On October 26, 2021, Plaintiff submitted a "Request for Religious Exemption from COVID-19 Vaccination Requirement" on the Form attached as Appendix B to the Vaccination Policy.  Compl. ¶ 6-7; Ex. A.  The Complaint does not state any specific religious belief, observance, or practice that conflicts with the vaccination requirement, only that Thornton "submitted a request for Religious Exemption, to be exempt from the COVID-19 vaccine . . . due to her *sincerely held religious beliefs*."  Compl. ¶ 6 (emphasis added).[3]

On November 2, 2021, after due consideration, Ipsen denied Plaintiff's request.  Compl. ¶ 8.  Despite her vaccination exemption request being denied, Plaintiff refused to comply with the vaccination requirement in the Vaccination Policy, and, on November 10, 2021, the Company terminated her at-will employment as a result.  Compl. ¶ 9.

On November 16, 2022, Plaintiff filed a charge with the EEOC for religious-based discrimination.  Compl. ¶ 13.  After review, the EEOC dismissed Plaintiff's discrimination

---

[3]  In two instances in the Complaint, the Plaintiff erroneously refers to a COVID-19 testing requirement, Compl. ¶ 4,6, and at one point incorrectly calls the policy at issue the "Testing Policy."  Compl. ¶ 5.  For the sake of clarity, the Vaccination Policy mandates that all Ipsen employees obtain a vaccination for COVID-19, but employees who are granted an accommodation from the vaccination requirement due to a medical condition or a sincerely held religious belief must adhere to certain enhanced safety protocols, including providing proof of a negative COVID-19 test three days prior to conducting in-person Ipsen business.  Ex. A at (4)(C)(iii).  Ipsen denied Plaintiff's request for a religious exemption to the vaccination requirement, so the issue of COVID-19 testing never arose.  Regardless, even if Plaintiff's religious exemption request pertained to testing rather than vaccination, Plaintiff still fails to state a claim upon which relief can be granted.

charge and issued Plaintiff a Right to Sue Letter on August 30, 2022, informing her that she had

ninety days to file a lawsuit on the federal discrimination charge.  Compl.; Ex. A.  Plaintiff's

right to sue based on her federal discrimination charge expired on November 28, 2022.   Compl.;

Ex. A.

## III.   ARGUMENT

### A.   Legal Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a

plaintiff must "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the

speculative level." *Id*.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation

of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Twombly*, 550 U.S. at 555).  In sum, dismissal is appropriate if a plaintiff's pleaded

facts do not "possess enough heft to show that [the] plaintiff is entitled to relief." *Ruiz Rivera v.*

*Pfizer Pharms*., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (cleaned up).  Under the applicable

standard, Plaintiff's Complaint must be dismissed in its entirety as no cause of action as pled

could plausibly suggest a right to relief.

### B.   Plaintiff's Claims Under The United States Constitution Are Facially Invalid Because Ipsen Is A Private Entity.

Plaintiff alleges that Ipsen violated her Equal Protection rights under the Fourteenth

Amendment to the U.S. Constitution and that Ipsen denied Plaintiff her rights to Due Process of

Law under the First, Fourth and Fourteenth Amendment to the U.S. Constitution.  Compl. ¶ 28-

39.  Plaintiff's U.S. Constitutional claims fail as a matter of law because the U.S. Constitution

protects individuals against state action, not against wrongs committed by private individuals or

entities. *See United States v. Guest*, 383 U.S. 745, 755 (1966).  The U.S. Constitution "prohibits

only actions by local, state, or federal government actors, and 'erects no shield against merely private conduct.'"  *Ward v. Schaefer*, No. CV 16-12543-FDS, 2021 WL 1178291, at *28 (D. Mass. Mar. 29, 2021) (quoting *Shelley v. Kraemer*, 344 U.S. 1, 13 (1948)).  Because Ipsen is a private entity not acting under the color of law, it cannot be found liable for violating Plaintiff's Constitutional rights.

      **B.**     **A Plaintiff Cannot Bring A Private Cause Of Action Under The Massachusetts Declaration Of Rights.**

Plaintiff's claim that Ipsen violated the Massachusetts Declaration of Rights by denying her legally protected due process rights must fail for similar reasons.  Compl. ¶ 33-39.  First, this Court has held that the Massachusetts Declaration of Rights does not provide a private right of action.  *Ward*, No. CV 16-12543-FDS, 2021 WL 1178291, at *28.  Because the Massachusetts Supreme Judicial Court "has never held that there is a right of action to enforce the Declaration of Rights," it would be improper for a federal court to do so.  *Pimentel v. City of Methuen*, 323 F. Supp. 3d 255, 273-74 (D. Mass. 2018) ("[I]t is emphatically not the role of the federal courts to develop and expand upon state law").  Second, even assuming *arguendo* that a private right of action did exist, a plaintiff alleging a violation of the Massachusetts Declaration of Rights would still need to establish state action.  *See Christensen v. Kingston Sch. Comm.*, 360 F. Supp. 2d 212, 215 n.1 (D. Mass. 2005) (noting that the federal and Massachusetts standards for analyzing a constitutional procedural due process claim are identical).  Accordingly, Plaintiff has failed to plead a viable cause of action under the Massachusetts Declaration of Rights.

      **C.**     **Plaintiff's Title VII Claim Is Time Barred.**

An individual can only bring a Title VII lawsuit after receiving a Right to Sue Letter issued by the EEOC.  42 U.S.C. § 2000e–5(f)(1).  Once receiving such a letter, the individual must file her suit within ninety days.  *Id*.  "If the claimant does not bring suit within the

prescribed 90–day period, the action is time-barred." *Loubriel v. Fondo del Seguro del Estado*, 694 F.3d 139, 142 (1st Cir. 2012).  Here, Plaintiff received her Right to Sue Letter on August 30, 2022.  Compl.; Ex. A.  This means that Plaintiff had until November 28, 2022, to file a Title VII religious discrimination claim against Ipsen.  However, Plaintiff did not bring her Title VII cause of action until April 24, 2023—five months *after* the deadline.  Thus, Plaintiff's Title VII claim must be dismissed.

### D.    Plaintiff Has Not Pled Facts Sufficient To Establish A Cognizable Claim For Religious Discrimination Under M.G.L. c. 151B.

Under M.G.L. c. 151B, "the employee bears the initial burden of establishing a prima facie case that the employer required the employee to violate a required religious practice and that he or she gave the employer the required notice of the religious obligations." *Mekonnen v. OTG Mgmt., LLC*, 394 F. Supp. 3d 134, 157 (D. Mass. 2019), aff'd, No. 19-1846, 2021 WL 1110915 (1st Cir. Mar. 23, 2021).[4]  Here, the Complaint does not articulate any specific religious belief, observance, or practice that conflict with Ipsen's vaccination requirement.  Instead, Plaintiff simply alleges that she "submitted a request for Religious Exemption, to be exempt from the COVID-19 vaccine . . . due to her sincerely held religious beliefs."  Compl. ¶ 6.  The Supreme Court has made clear that such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not satisfy the pleading standard.  *Iqbal*, 556 U.S. at 678.  Just recently the United States District Court for the District of New Jersey dismissed an employee's Title VII and state law religious discrimination claims because the employee's complaint failed to "identify or specify any religious belief that prevents her from

---

[4]   When analyzing an M.G.L. c. 151B religious accommodation claim, Massachusetts courts utilize a framework identical to the one applied in federal Title VII religious accommodation cases.  *Brox v. Hole*, 590 F. Supp. 3d 359, 366 (D. Mass. 2022).

complying with [her employer's] COVID-19 Policies," and "[w]ithout Plaintiff providing facts showing what sincerely held religious belief she holds that prevented her from complying with the COVID-19 Policies, Plaintiff fails to adequately allege a cognizable claim for religious discrimination." *McKinley v. Princeton Univ.*, No. CV225069MASTJB, 2023 WL 3168026, at *2 (D.N.J. Apr. 28, 2023). Because the Complaint does not allege with any particularity the nature of Plaintiff's religious beliefs, the M.G.L. c. 151B religious discrimination claim must be dismissed.

## IV.    CONCLUSION

For all of the foregoing reasons, Ipsen respectfully requests that all Counts of the Complaint be dismissed with prejudice.

Respectfully submitted,

IPSEN BIOPHARMACEUTICALS, INC.

By its attorney,

*/s/*     Jonathan Rosenfeld
Jonathan Rosenfeld (BBO No. 556172)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
jonathan.rosenfeld@wilmerhale.com

Dated: June 1, 2023

## <u>CERTIFICATE OF SERVICE</u>

I, Jonathan Rosenfeld, hereby certify that on this 1st day of June 2023, I caused a copy of

the foregoing document to be served on Plaintiff's counsel of record by email and First-Class

Mail as follows:

     Richard C. Chambers
     Joseph Spinale
     Chambers Law Office
     220 Broadway, Suite 404
     Lynnfield, MA 01940
     richard@chamberslawoffice.com
     spinalelaw@gmail.com